JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAN ORDOODARI,<br><br>    Plaintiff,<br><br>v.<br><br>MERRICK GARLAND et al.,<br><br>    Defendants. | Case No. 2:22-cv-04688-SB-MAA<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

    Plaintiff Iman Ordoodari filed an I-589 Application for Asylum and Withholding of Removal in January 2015.  After waiting more than seven years without receiving a decision, he filed this mandamus action seeking to compel Defendants to adjudicate his application.  Dkt. No. 1.  On the parties' stipulation, the Court stayed this case until April 12, 2023 in order to allow USCIS to complete its review of Plaintiff's application.  Dkt. No. 12.  In the stipulation, Plaintiff agreed to voluntarily dismiss the case once USCIS notifies Plaintiff of its decision on the I-589 application.  Dkt. No. 11.  The parties filed a status report indicating that Plaintiff's interview was completed on December 13, 2022 and that it anticipates completing its adjudication by April 12, 2023.  Dkt. No. 13.

    In the Court's experience with numerous similar requests in recent mandamus actions challenging similar delays in adjudicating immigration applications, the completion of the agreed-upon interview generally leads to the resolution of the parties' dispute without the need for further intervention by the Court.  However, staying cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports.  It also increases the burden on the parties to file status reports or seek dismissal of the stayed case upon resolution of the matter.

    It appears that the more efficient approach is to dismiss this action without prejudice to either party moving to reopen nunc pro tunc in the event that further

Court intervention becomes necessary.  The Court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future monitoring or action if the parties honor their agreement, as the Court expects them to.  To further conserve judicial and party resources, the Court intends to adopt this approach unless any party objects.

    Accordingly, it is ORDERED that this action is DISMISSED without prejudice to any party seeking to vacate this order and reopen the action nunc pro tunc in the event that Plaintiff is unable to receive a determination in the time contemplated by the parties.

    Any party who objects to the dismissal of this action as ordered herein shall file a request to reopen the case no later than seven days after entry of this order.  Failure to file a request to reopen the case will be deemed consent to dismissal as ordered.

    IT IS SO ORDERED.

Date: March 30, 2023

                                      Stanley Blumenfeld, Jr.
                                      United States District Judge